# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL RIDER                                    :
321 Hazella Lane                              :
Stroudsburg, PA 18360                         :
                                              :
         Plaintiff                            :           JURY TRIAL DEMANDED
                                              :
vs.                                           :
WINKLER+DUNNEBIER GMBH                         :
Sohler Weg 65                                 :
D-56564 Neuwied                               :
Germany                                       :
and                                           :
W+D NORTH AMERICA INC.                         :
11300 West 80th Street                        :
Lenexa, KS 66214                              :
and                                           :
BARRY-WEIHMILLER                              :
COMPANIES, INC.                               :
8020 Forsyth Boulevard                        :
Saint Louis, MO 63105                         :
                                              :
         Defendants                           :           Civil Action No.:

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **COMPLAINT**

Plaintiff, Paul Rider, by and through counsel, Abrahamsen, Conaboy &

Abrahamsen, P.C., and hereby complains of the above referenced Defendants as

follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332 in that the Plaintiff has diverse citizenship from the Defendants and the amount in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars.

## PARTIES

2.     The Plaintiff, Paul Rider, is an adult and competent individual who resides at 321 Hazella Lane, Stroudsburg, Monroe County, Pennsylvania and is a citizen of the Commonwealth of Pennsylvania.

3.     Defendant, Winkler+Dunnebier GMBH ("W+D"), is a foreign corporation organized according to the laws of Germany, with its principal place of business at Sohler Weg 65, 56564 Neuwied, Germany.

4.     Defendant, W+D North America Inc. ("W+D NA"), is a corporation organized under Delaware law, with its principal place of business at 11300 West 80th Street, Lenexa, Kansas 66214.

5.     Defendant, Barry-Wehmiller Companies, Inc. ("B-W"), is a corporation organized under Missouri law, with its principal place of business at 8020 Forsyth Boulevard, Saint Louis, Missouri 63105, and is a citizen of the State of Missouri.

6.     Defendant, W+D and W+D NA, are wholly-owned subsidiaries of Defendant B-W.

7.     Defendant, W+D, at all times relevant hereto, had extensive, continuous, regular, and systematic business contacts within the Commonwealth of Pennsylvania and the Middle District of Pennsylvania, through the manufacture, sale, and servicing of envelope manufacturing equipment to businesses, from which it has derived substantial revenue.

8.     Defendant, W+D NA, at all times material hereto, had extensive, continuous, regular, and systematic business contacts within the Commonwealth of Pennsylvania and the Middle District of Pennsylvania, through the manufacture, sale, and servicing of envelope manufacturing equipment to businesses including, but not limited to, through its branch location at 899 Plank Road, Duncansville, Pennsylvania, from which it has derived substantial revenue.

9.     Defendant, B-W, at all times material hereto, had extensive, continuous, regular, and systematic business contacts within the Commonwealth of Pennsylvania and the Middle District of Pennsylvania, by regularly selling its products and services to businesses in the envelope manufacturing industry, from which it has derived substantial revenue.

10.     Venue is proper in this District Court under 28 U.S.C. § 1391, as Defendants are subject to this district's personal jurisdiction by engaging in substantial business activities in Pennsylvania, engaging in acts or omissions causing

injuries to persons in Pennsylvania, including Plaintiff, and by selling products which they knew would be used in this Commonwealth.

## FACTS

11.     Plaintiff, Paul Rider, was injured on January 11, 2023 while employed as a mechanic/adjuster at United Envelope, LLC, 150 Industrial Drive, Mount Pocono, Monroe County, Pennsylvania

12.     Plaintiff's employer is in the business of manufacturing envelopes.

13.     On January 11, 2023, during his employment, Plaintiff was assigned to work on the Winkler+Dunnebier Type 102 envelope manufacturing machine (Serial #12779) ("W+D 102 Machine") when, as a result of the negligence and wrongdoing of Defendants, and the unsafe and defective design of the subject machine, his left hand became caught in an inadequately guarded cutting point resulting in severe hand injuries described in detail below.

14.     Before January 11, 2023, Defendant, W+D, was in the business of designing, manufacturing, marketing, selling and supplying envelope manufacturing machines, including the W+D 102 Machine, as well as providing services and selling replacement parts for such machines.

15.     Before January 11, 2023, Defendant, W+D NA, was also in the business of designing, manufacturing, remanufacturing, selling, installing, serving and

providing training and technical support for W+D envelope manufacturing machines.

16.     Before January 11, 2023, Defendant, B-W, was engaged in the business of supplying a range of manufacturing technology and services, including for W+D envelope manufacturing equipment.

17.     At all times material and relevant hereto, Defendants acted through their employees, servants and agents and are responsible for Plaintiff's injuries and damages pursuant to the legal doctrines of respondeat superior, agency, and vicarious liability.

18.     Before January 11, 2023, Defendant W+D designed, manufactured and sold the subject W+D 102 Machine to be used in the manufacture of envelopes.

19.     Prior to January 11, 2023, Defendant W+D NA serviced, installed, troubleshot, repaired and/or otherwise worked on the subject W+D 102 Machine.

20.     Before January 11, 2023, but after the original sale of the subject W+D 102 Machine, Defendants, W+D NA and B-W, undertook to render services in connection with the subject W+D 102 Machine by providing product materials, replacement parts, training support, technical services and/or product support.

21.     Defendants had no reason to believe that Plaintiff would realize the subject W+D 102 Machine's dangerous and defective condition.

22.     At the time of his accident, Plaintiff, Paul Rider, was using the W+D 102

-5-

Machine for the purpose and use for which it was designed, manufactured, sold, and supplied and with due care for his own safety.

## COUNT I

### PAUL RIDER V. DEFENDANT WINKLER+ DUNNEBIER GMBH

### <u>NEGLIGENCE</u>

23.     Plaintiff incorporates by referenced paragraphs one (1) through twenty-two (22) as though fully set forth at length herein.

24.     Defendant, W+D, having undertaken to design, manufacture, test, inspect, assemble, distribute, sell and supply the subject W+D 102 Machine, had a duty to intended users, operators and consumers including, but not limited to, the Plaintiff to provide a product that was safe for its intended uses and reasonably foreseeable uses, including misuses.

25.     Defendant, W+D, had a duty to properly and adequately design, manufacture, test and inspect the subject W+D 102 Machine so as to avoid unreasonable risk of bodily injury to those individuals whom Defendant should have expected would use and operate the subject W+D 102 Machine.

26.     Defendant, W+D, knew, or should have known, that the inadequately guarded cutting point assembly on the subject machine presented an unreasonable risk of serious bodily injury to workers such as Plaintiff.

27.     The negligence and carelessness of Defendant, W+D, consisted of the following:

a.    Improperly manufacturing, designing, assembling, selling, distributing, marketing, testing, and installing the subject W+D 102 Machine when Defendant W+D knew, or should have known, that the subject machine was unreasonably dangerous and unsafe for use;

b.    Failing to properly and adequately test and inspect the subject W+D 102 Machine for safety prior to its sale;

c.    Manufacturing, designing, assembling, and selling the subject W+D 102 Machine without adequate safety devices and guarding to prevent users from coming into contact with the hazardous cutting point assembly;

d.    Designing, manufacturing, marketing and selling the subject W+D 102 Machine without proper and adequate safety features, instructions, and warnings to reduce the risk of injury as a result of the machine's known hazards;

e.    Failure to comply with applicable statutes, laws, regulations, and industry standards in designing, manufacturing, and selling the W+D 102 Machine;

f.    Negligently designing, manufacturing, assembling and selling the W+D 102 Machine;

g.    Failing to provide the W+D 102 Machine with an adequate interlocking guard to protect users from injuries caused by inadvertent contact with the machine's moving parts;

h.    Designing and manufacturing the W+D 102 Machine so that the subject machine as sold was unsafe for set-up and job change over and operation;

i.    Failure to exercise reasonable care to warn or inform intended users and consumers of the W+D 102 Machine of the dangers and risk of bodily injury posed by the design, set-up, and foreseeable uses of the machine;

j.    Failure to exercise due care required to design a safe product;

k.    Failure to exercise reasonable care to adequately guard against the known dangers posed by the W+D 102 Machine, particularly in the area where Plaintiff's accident occurred;

l.    Failure to design, manufacture and sell the subject W+D 102 Machine for its safe intended uses including compliance with OSHA

requirements§1910.212(a)(l);

m.   Failing to design, manufacture and sell the subject machine so that the blades involved in Plaintiff's incident were guarded by location.

28.   As a direct and proximate result of the negligence of the Defendant, W+D, Plaintiff, Paul Rider, sustained serious and permanent injuries including, but not limited to, the amputation of multiple fingers or parts thereof on his left hand, permanent scarring, disfigurement, and other injuries which may be permanent in nature.

29.   As a direct and proximate result of the negligence of the Defendant, W+D, Plaintiff, Paul Rider, has been or will be obliged to receive and undergo medical attention and care and expend various sums of money to pay for medical expenses, and may be so obliged to undergo such and incur such expenditures for an indefinite time in the future.

30.   As a direct and proximate result of the negligence of the Defendant, W+D, Plaintiff, Paul Rider, has suffered great physical pain and anguish, a severe shock to the nervous system, humiliation, embarrassment, permanent scarring and disfigurement, and may continue to suffer the same for an indefinite time into the future.

31.   As a direct and proximate result of the negligence of the Defendant, W+D, Plaintiff, Paul Rider, has been and will be unable in the future to attend to his

usually and daily activities, all to his detriment and loss.

32.    As a direct and proximate result of the negligence of the Defendant, W+D, Plaintiff, Paul Rider, has suffered a loss of earnings and a permanent impairment of his future earning capacity.

WHEREFORE, Plaintiff, Paul Rider, demand judgment in his favor and against Defendant, Winkler + Dunnebier GMBH, in an amount in excess of $75,000.00 plus interest, costs and such other relief and deemed appropriate by this Honorable Court.

## COUNT II

## PAUL RIDER V. WINKLER+ DUNNEBIER GMBH

## **STRICT LIABILITY**

33.    Plaintiff incorporates by referenced paragraphs one (1) through thirty-two (32) as though fully set forth at length herein.

34.    At all times material and relevant hereto, Defendant W+D was regularly engaged in the business of designing, manufacturing, selling, and supplying envelope manufacturing machines such as the subject W+D 102 Machine.

35.    Defendant W+D is a supplier within the meaning of §402A of the Restatement (Second) of Torts and Pennsylvania law.

36.    The W+D 102 Machine involved in the incident described above was in substantially the same condition on the date of Plaintiff's accident as it was at the

time it left the control of Defendant W+D.

37.    As designed, manufactured, assembled, sold and supplied by Defendant W+D, the subject W+D 102 Machine was defective, unsafe, and dangerous to users and operators including, but not limited to, the Plaintiff, Paul Rider, because there existed economically and technically feasible safe alternative designs that would have eliminated or substantially reduced the foreseeable risk of serious bodily harm as result of the user coming in contact with the cutting blades of the subject machine.

38.    The subject W+D 102 Machine was defective, unsafe, and dangerous because a reasonable person could conclude that the probability and seriousness of the harm posed by the subject machine outweighed the burden of providing available precautions.

39.    As designed, manufactured, assembled, sold and supplied by Defendant W+D, the W+D 102 Machine was defective, unsafe, and dangerous to users and operators such as Plaintiff because it lacked adequate safety components and design elements necessary to protect a user from injury as a result of coming in contact with the cutting blade assembly of the subject machine.

40.    As a direct and factual result of the aforementioned defective design and unsafe condition of the W+D 102 Machine, as sold and supplied by Defendant W+D, Plaintiff, Paul Rider, suffered injuries and damages described below.

41.    Alternatively, the defective design and unsafe condition of the subject W+D 102 Machine, as sold and supplied by Defendant W+D, increased the risk that Plaintiff would sustain the injuries and damages he did in fact suffer.

42.    As a direct and proximate result of the aforementioned defective design and unsafe condition of the Defendant, W+D, Plaintiff, Paul Rider, sustained serious and permanent injuries including, but not limited to, the amputation of multiple fingers or parts thereof on his left hand, permanent scarring, disfigurement, and other injuries which may be permanent in nature.

43.    As a direct and proximate result of the aforementioned defective design and unsafe condition of the Defendant, W+D, Plaintiff, Paul Rider, has been or will be obliged to receive and undergo medical attention and care and expend various sums of money to pay for medical expenses, and may be so obliged to undergo such and incur such expenditures for an indefinite time in the future.

44.    As a direct and proximate result of the aforementioned defective design and unsafe condition of the Defendant, W+D, Plaintiff, Paul Rider, has suffered great physical pain and anguish, a severe shock to the nervous system, humiliation, embarrassment, permanent scarring and disfigurement, and may continue to suffer the same for an indefinite time into the future.

45.    As a direct and proximate result of the aforementioned defective design

and unsafe condition of the Defendant, W+D, Plaintiff, Paul Rider, has been and will be unable in the future to attend to his usually and daily activities, all to his detriment and loss.

46.     As a direct and proximate result of the aforementioned defective design and unsafe condition of the Defendant, W+D, Plaintiff, Paul Rider, has suffered a loss of earnings and a permanent impairment of his future earning capacity.

WHEREFORE, Plaintiff, Paul Rider, demand judgment in his favor and against Defendant, Winkler + Dunnebier GMBH, in an amount in excess of $75,000.00 plus interest, costs and such other relief and deemed appropriate by this Honorable Court.

**COUNT III**

**PAUL RIDER V. W+D NORTH AMERICA INC.**

**<u>NEGLIGENCE</u>**

47.     Plaintiff incorporates by referenced paragraphs one (1) through forty-six (46) as though fully set forth at length herein.

48.     Defendant W+D NA, having undertaken to sell, install, service, repair, and troubleshoot the W+D 102 Machine, had a duty to users and operators, such as Plaintiff, Paul Rider, to exercise reasonable care to provide a product and service the product such that it was reasonably safe for its intended uses.

49.     Defendant W+D NA had a duty to properly and adequately sell, service,

repair, maintain, and troubleshoot the W+D 102 Machine to avoid creating an unreasonable risk of injury to individuals whom Defendant reasonably should have expected would operate the W+D 102 Machine.

50.    At the time the W+D 102 Machine left Defendant W+D NA's control, Defendant knew, or should have known, that the design, installation, set-up, operation, and foreseeable use of the W+D 102 Machine were likely to present an unreasonable risk of injury to individuals such as Plaintiff, Paul Rider.

51.    Defendant W+D NA knew from the sale of the machine and from servicing, maintaining, and troubleshooting this machine that the inadequately guarded cutting point assembly of the subject machine posed an unreasonable risk of serious bodily injury to workers such as Plaintiff.

52.    The negligence and carelessness of Defendant W+D NA consisted of the following:

a.    Selling, distributing, installing, maintaining, serv1cmg, and troubleshooting the W+D 102 Machine when Defendant W+D NA knew that the subject machine was unreasonably dangerous and unsafe for use;

b.    Selling, supplying, installing, servicing, maintaining, and troubleshooting the W+D 102 Machine with knowledge that it lacked adequate safety devices and/or guarding to prevent users from coming in contact with the cutting assembly on the subject machine;

c.    Failure to warn Plaintiff's employer of the risk of injury created by the machine's hazards;

d.    Failing to warn Plaintiff of the of the risk of injury created by the

machine's hazards;

e.  Failing to provide a proper and adequate interlocking guard to prevent users from injury as a result of inadvertent contact with the cutting assembly on the subject machine;

f.  Failure to exercise the degree of care which a reasonably prudent person would have exercised under the same or similar circumstances;

g.  Failure to exercise reasonable care to warn against the known dangers posed by the subject machine's design, operation, set-up, and condition, as supplied, serviced, and maintained by Defendant W+D NA;

h.  Failure to provide adequate warning with respect to the dangerous cutting point assembly on the subject machine;

i.  Failure to recommend or suggest to Plaintiff's employer that an additional and/or adequate guard or cover be placed near the cutting point assembly to protect users from injury as a result of inadvertent contact with the machine;

j.  Failure to exercise reasonable care in servicing, maintaining, and troubleshooting of the W+D 102 Machine;

k.  Failure to inform or instruct Plaintiff's employer with respect to the availability and need to provide an adequate interlocking guard cutting assembly to protect workers such as Plaintiff from the serious risk of bodily injury; and

l.  Failure to rectify the dangerous and unsafe condition of the W+D 102 Machine when Defendant serviced, maintained, and troubleshot the equipment while it was at United Envelope.

53.  As a direct and proximate result of the aforementioned defective design and unsafe condition of the Defendant, W+D NA, Plaintiff, Paul Rider, sustained serious and permanent injuries including, but not limited to, the amputation of multiple fingers or parts thereof on his left hand, permanent scarring, disfigurement, and other injuries which may be permanent in nature.

54.  As a direct and proximate result of the aforementioned defective design

and unsafe condition of the Defendant, W+D NA, Plaintiff, Paul Rider, has been or will be obliged to receive and undergo medical attention and care and expend various sums of money to pay for medical expenses, and may be so obliged to undergo such and incur such expenditures for an indefinite time in the future.

55.     As a direct and proximate result of the aforementioned defective design and unsafe condition of the Defendant, W+D NA, Plaintiff, Paul Rider, has suffered great physical pain and anguish, a severe shock to the nervous system, humiliation, embarrassment, permanent scarring and disfigurement, and may continue to suffer the same for an indefinite time into the future.

56.     As a direct and proximate result of the aforementioned defective design and unsafe condition of the Defendant, W+D NA, Plaintiff, Paul Rider, has been and will be unable in the future to attend to his usually and daily activities, all to his detriment and loss.

57.     As a direct and proximate result of the aforementioned defective design and unsafe condition of the Defendant, W+D NA, Plaintiff, Paul Rider, has suffered a loss of earnings and a permanent impairment of his future earning capacity.

WHEREFORE, Plaintiff, Paul Rider, demand judgment in his favor and against Defendant, W+D North America, Inc., in an amount in excess of $75,000.00 plus interest, costs and such other relief and deemed appropriate by this Honorable Court.

## COUNT IV

## PAUL RIDER V. DEFENDANT W+D NORTH AMERICA INC.

## **STRICT LIABILITY**

58.     Plaintiff incorporates by referenced paragraphs one (1) through fifty-seven (57) as though fully set forth at length herein.

59.     Defendant W+D NA sold and/or supplied the W+D 102 Machine, causing it to be placed into the stream of commerce.

60.     At all times relevant hereto, Defendant W+D NA was regularly engaged in designing, manufacturing, selling, distributing, and supplying envelope manufacturing machines such as the subject model product.

61.     Defendant W+D NA was and is a supplier within the meaning of Section 402A of the Restatement (Second) of Torts.

62.     The W+D 102 Machine was in substantially the same condition at the time of Plaintiff's accident as it was at the time it left Defendant W+D NA's control.

63.     As sold and supplied by Defendant W+D NA, the W+D 102 Machine was defective, unsafe, and dangerous in that there existed economically and technically feasible safe alternative designs that would have eliminated or substantially reduced the risk of serious bodily injury without impairing the machine's functionality.

64.     The W+D 102 Machine was defective and unsafe because a reasonable person could conclude that the probability and seriousness of the harm posed by the subject machine outweighed the burden of available precautions.

65.     As sold, installed, and/or supplied by Defendant W+D NA, the W+D 102 Machine was defective, unsafe, and dangerous to ultimate users and operators because it lacked adequate safety components and design elements, including warnings and/or instructions, to prevent injury caused by cutting blade assembly of the machine.

66.     As a direct and proximate result of the aforementioned defective design and unsafe condition of the Defendant, W+D NA, Plaintiff, Paul Rider, sustained serious and permanent injuries including, but not limited to, the amputation of multiple fingers or parts thereof on his left hand, permanent scarring, disfigurement, and other injuries which may be permanent in nature.

67.     As a direct and proximate result of the aforementioned defective design and unsafe condition of the Defendant, W+D NA, Plaintiff, Paul Rider, has been or will be obliged to receive and undergo medical attention and care and expend various sums of money to pay for medical expenses, and may be so obliged to undergo such and incur such expenditures for an indefinite time in the future.

68.     As a direct and proximate result of the aforementioned defective design

and unsafe condition of the Defendant, W+D NA, Plaintiff, Paul Rider, has suffered great physical pain and anguish, a severe shock to the nervous system, humiliation, embarrassment, permanent scarring and disfigurement, and may continue to suffer the same for an indefinite time into the future.

69.     As a direct and proximate result of the aforementioned defective design and unsafe condition of the Defendant, W+D NA, Plaintiff, Paul Rider, has been and will be unable in the future to attend to his usually and daily activities, all to his detriment and loss.

70.     As a direct and proximate result of the aforementioned defective design and unsafe condition of the Defendant, W+D NA, Plaintiff, Paul Rider, has suffered a loss of earnings and a permanent impairment of his future earning capacity.

WHEREFORE, Plaintiff, Paul Rider, demand judgment in his favor and against Defendant, W+D North America, Inc., in an amount in excess of $75,000.00 plus interest, costs and such other relief and deemed appropriate by this Honorable Court.

**COUNT V**

**PAUL RIDER V. DEFENDANT BARRY-WEHMILLER COMPANIES INC.**

**<u>NEGLIGENCE</u>**

71.     Plaintiff incorporates by referenced paragraphs one (1) through seventy (70) as though fully set forth at length herein.

72.     Prior to January 11, 2023, Defendant B-W provided services in connection with the W+D 102 Machine which it should have recognized were necessary for the protection of third persons required to use and operate the machine in the course of their employment, such as Plaintiff.

73.     Defendant B-W failed to exercise reasonable care in providing site services, maintenance, and troubleshooting for the subject W+D 102 Machine so as to avoid unreasonable risk of injury to individuals such as Plaintiff.

74.     Despite Defendant B-W's awareness and knowledge of the W+D 102 Machine's hazardous, defective, and dangerous condition, including its lack of adequate guarding and safety devices, Defendant B-W failed to provide proper and adequate safety devices, warnings, or safety instructions to reduce the risk of injury to users as a result of inadvertent contact with the machine's moving parts.

75.     Undertaken to service, maintain, and troubleshoot the W+D 102 Machine and provide replacement parts for it, Defendant B-W knew, or, through the exercise of reasonable care should have known, that the inadequately guarded cutting point assembly would and did create hazardous working conditions for users of the equipment including, but not limited to, the Plaintiff.

76.     Defendant B-W failed to exercise reasonable care to warn or inform the foreseeable and intended users of the W+D 102 Machine of the dangers and risk of

injury posed by the design, set-up, and condition of the subject machine when it provided site services for the machine.

77.     Plaintiff's injuries and damages occurred in part due to the negligence and carelessness of Defendant B-W in failing to inform, advise, or warn Plaintiff's employer and/or Plaintiff of the known danger of the inadequately guarded cutting point.

78.     The negligence and carelessness of Defendant B-W consisted of the following:

        a.      Failure to warn, suggest, instruct and/or otherwise inform Plaintiff's employer of the need for and availability of additional or adequate guarding and/or a safety interlock device for the cutting blade assembly on the subject machine;

        b.      Failure to warn Plaintiff's employer of the serious risk of injury posed by the cutting blade assembly on the subject machine;

        c.      Failure to install an adequate guard on the subject machine so as to prevent contact with the cutting blade assembly;

        d.      Failure to exercise reasonable care in servicing, maintenance and troubleshooting the subject W+D 102 Machine.

79.     As a direct and proximate result of the aforementioned defective design and unsafe condition of the Defendant, B-W, Plaintiff, Paul Rider, sustained serious and permanent injuries including, but not limited to, the amputation of multiple fingers or parts thereof on his left hand, permanent scarring, disfigurement, and other injuries which may be permanent in nature.

80.    As a direct and proximate result of the aforementioned defective design and unsafe condition of the Defendant, B-W, Plaintiff, Paul Rider, has been or will be obliged to receive and undergo medical attention and care and expend various sums of money to pay for medical expenses, and may be so obliged to undergo such and incur such expenditures for an indefinite time in the future.

81.    As a direct and proximate result of the aforementioned defective design and unsafe condition of the Defendant, B-W, Plaintiff, Paul Rider, has suffered great physical pain and anguish, a severe shock to the nervous system, humiliation, embarrassment, permanent scarring and disfigurement, and may continue to suffer the same for an indefinite time into the future.

82.    As a direct and proximate result of the aforementioned defective design and unsafe condition of the Defendant, B-W, Plaintiff, Paul Rider, has been and will be unable in the future to attend to his usually and daily activities, all to his detriment and loss.

83.    As a direct and proximate result of the aforementioned defective design and unsafe condition of the Defendant, B-W, Plaintiff, Paul Rider, has suffered a loss of earnings and a permanent impairment of his future earning capacity.

WHEREFORE, Plaintiff, Paul Rider, demand judgment in his favor and against Defendant, Barry-Wehmiller Companies, Inc., in an amount in excess of $75,000.00

plus interest, costs and such other relief and deemed appropriate by this Honorable

Court.

Respectfully Submitted,

Abrahamsen, Conaboy & Abrahamsen, P.C.

By: _____

Kevin M. Conaboy, Esquire
Attorney ID No.: 84384

255 East Grove Street, 2nd Floor
Clarks Summit, PA 18411
(570) 348-0200
kconaboy@law-aca.com